UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINNIE DIGGS,<br><br>                              Plaintiff,<br><br>v.<br><br>CHIEF NEIL GALLUCCI, Carlsbad Police Department,<br><br>                             Defendant. | Case No.: 18-CV-2683 JLS (KSC)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) *SUA SPONTE* DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF No. 2) |

On November 28, 2018, Plaintiff Winnie Diggs, proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 in the Southern District of California alleging violation of several of her constitutional rights by the Chief Neil Gallucci of the Carlsbad Police Department. *See generally* ECF No. 1 ("Compl.").

**I.** *IN FORMA PAUPERIS* **MOTION**

Presently before the Court is Ms. Diggs' Motion to Proceed *In Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must

/ / /

/ / /

pay a filing fee of $350.[1]  28 U.S.C. § 1914(a).  An action may still proceed without the prepayment of fees if a party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  A federal court may authorize the commencement of an action if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee.  28 U.S.C. § 1915(a).

Here, Ms. Diggs indicates that she receives $787 per month in disability, Mot. at 2, and owns a 1982 Volvo.  *Id.* at 3.  Ms. Diggs estimates that her monthly obligations total approximately $705, *see id.* at 4–5, only $82 per month less than her monthly income.  On this record, the Court concludes that Ms. Diggs has sufficiently established that she is unable to pay the required filing fee.  As such, she meets the requirements to proceed IFP and the Court therefore **GRANTS** Ms. Diggs' Motion.

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### *A. Standard of Review*

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1763 (2015) ("[T]he court shall dismiss the case [pursuant to 28 U.S.C. § 1915(e)(2)] at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted; [or] seeks monetary relief against a defendant who is immune from such relief."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122,

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. Sept. 1, 2018).  The additional $50 administrative fee, however, is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

2

18-CV-2683 JLS (KSC)

1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an *In Forma Pauperis* complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In addition, courts have a duty to construe a *pro se* litigant's pleadings liberally, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), a duty that is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, a

court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

### B. Factual Allegations

Ms. Diggs' Complaint seeks to hold Chief Gallucci liable for several alleged violations of her constitutional rights. *See* Compl. at 4. Ms. Diggs seeks damages for "multiple counts of assault," "treatment for current and future effects of these attacks on [her] body," loss of "[s]everal great jobs opportunities . . . worth billions," loss of two cars and five computers, "financial hardship," and "pain and suffering." *Id.* at 8 (emphasis omitted).

Ms. Diggs alleges police and "townspeople" began stalking her in September 2015. *See id.* at 7, 11. She claims that the police "fabricated" a false charge for driving under the influence and that "six warrants [were] erroneously placed in [her] courts' files." *Id.* at 22. Due to a misunderstanding, Ms. Diggs' Hyundai was then "taken" by the Carlsbad police on June 14, 2017. *Id.* at 11. After being "[w]rongfully prosecuted," she has been "extorted thousands in fines and fees." *Id.* at 22. Ms. Diggs emailed Chief Gallucci on unspecified dates to "let[ him] know about the aggression displayed by police officers and others in the community." *Id.* at 11. Ms. Diggs alleges that "[t]he police and communities' actions are condone[d] by way of Chief G[allucc]i['s] . . . silence." *Id.* She believes she has been "targeted for writing to our government and local officials . . . because [she] cho[]se to bring these evil forces to the attention of the authority; unless of course they condone these activities with their silence." *Id.* at 12. Ms. Diggs claims that, "[d]uring the holidays 2017, predators started using electronic technology weapons, physically attacking [her] 24/7." *Id.* at 23.

*C. Analysis*

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). A person "acts under color of state law [for purposes of section 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Liberally construing Plaintiff's Complaint, Plaintiff does not provide sufficient facts to allege conduct that deprived her of a right, privilege, or immunity protected by the Constitution. It appears that Ms. Diggs alleges that the Carlsbad Police created a false arrest report. *See, e.g.*, Compl. At 5. It is unclear from Ms. Diggs' Complaint, however, when the false report was made and what its contents were.

Further, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984) (even *pro se* plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in" to state a claim). Ms. Diggs' Complaint contains no specific factual allegations directly related to Chief Gallucci, much less any details as to what he did, or failed to do, to violate Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678 (noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 555, 570). Although Ms. Diggs alleges that she sent emails to Chief Gallucci, *see* Compl. at 11, the timing and contents of those communications is unclear.

As currently pleaded, Ms. Diggs' Complaint fails to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because she has failed to allege any facts which "might plausibly suggest" that Chief Gallucci violated her constitutional rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (holding that 42 U.S.C. § 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally protected rights); *see also, e.g.*, *Malfitano v. Hewitt*, No. 16-CV-05339-MEJ, 2016 WL 7230872, at *4 (N.D. Cal. Dec. 14, 2016) ("Without more clearly articulated statements about how each Defendant violated Plaintiff's rights and when, the Court cannot at this point assess whether Plaintiff is capable of stating a claim upon which relief may be granted."). The Court therefore finds that Ms. Diggs has failed to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2), and **DISMISSES WITHOUT PREJUDICE** Ms. Diggs' Complaint.

### III. CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Ms. Diggs' Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**;

2. Ms. Diggs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and

3. Ms. Diggs is **GRANTED** <u>forty-five (45) days</u> from the date on which this Order is electronically docketed to submit a First Amended Complaint which cures all the deficiencies of pleading noted above. Ms. Diggs' Amended Complaint must be complete in itself without reference to her original pleading. *See* S.D. Cal. CivLR 15.1. Any

Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). ***Should Ms. Diggs fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this action for failure to prosecute.***

**IT IS SO ORDERED.**

Dated: February 7, 2019

Hon. Janis L. Sammartino
United States District Judge