UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WINNIE DIGGS, | Case No.: 18-CV-2683 JLS (KSC) |
|---|---|
| Plaintiff, | **ORDER: (1) *SUA SPONTE* DISMISSING WITH PREJUDICE AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2), AND (2) DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CHIEF NEIL GALLUCCI, Carlsbad Police Department, | |
| Defendant. | |
| | (ECF Nos. 9, 11) |

## I. PROCEDURAL HISTORY

Plaintiff Winnie Diggs, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Neil Gallucci, Chief of the Carlsbad Police Department, on November 28, 2018. *See* ECF No. 1. She also filed a motion for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

Although the Court granted Ms. Diggs' request to proceed IFP, it *sua sponte* dismissed without prejudice Ms. Diggs' initial complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) on February 7, 2019. *See* ECF No. 8. The Court concluded that "Plaintiff d[id] not provide sufficient facts to allege conduct that deprived her of a right, privilege, or immunity protected by the Constitution." *Id.* at 5. Further, her

"Complaint contain[ed] no specific factual allegations related to Chief Gallucci." *Id.* Nonetheless, the Court granted Ms. Diggs forty-five days' leave to file an amended complaint. *Id.* at 6.

Ms. Diggs' operative Amended Complaint followed on February 13, 2019. *See* ECF No. 9. On April 9, 2019, she filed a motion for summary judgment. *See* ECF No. 11.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A. *Standard of Review*

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1763 (2015) ("[T]he court shall dismiss the case [pursuant to 28 U.S.C. § 1915(e)(2)] at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted; [or] seeks monetary relief against a defendant who is immune from such relief."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

/ / /

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In addition, courts have a duty to construe a *pro se* litigant's pleadings liberally, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), a duty that is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

/ / /
/ / /
/ / /
/ / /
/ / /

**B. Factual Allegations[1]**

Ms. Diggs was a homeless, 63-year-old black woman who was living in Carlsbad, California, at the time of the actions underlying her Amended Complaint. *See* ECF No. 9 ("FAC") at 7. Although the timeline is not entirely clear, Ms. Diggs appears to allege that she began to suffer harassment from the police beginning in approximately September 2015. *See id.*; *see also id.* at 5. She believes that the police began following her and, as a result of their stalking her, she received a dozen citations, whereas she previously had none. *See id.* at 7.

In February 2016, Ms. Diggs was falsely arrested for driving under the influence. *Id.* at 7, 9. Ms. Diggs was not driving, but rather sitting in her parked car at the time of the incident. *Id.* at 7. Consequently, Ms. Diggs believes that the officers fabricated her arrest report. *See id.* at 5. While Ms. Diggs was awaiting trial, mechanics in Carlsbad "deliberately put [her Volvo] in disrepair." *Id.* at 5, 7. Ms. Diggs' $1800 computer was also stolen, *id.* at 7–8, which contained her personal and other intellectual properties, including a valuable business plan. *Id.* at 9. Four other computers have gone missing. *Id.* at 5.

In April 2016, Ms. Diggs "received a cleared license," but the DMV failed to remove the suspension of her license in their system. *Id.* at 8. Consequently, after Ms. Diggs purchased a Hyundai on June 1, 2017, to replace her Volvo so that she could take an assignment with the L.A. Census Bureau in California City, California, her Hyundai was towed on June 14, 2017, for driving on a suspended license and an expired vehicle registration. *Id.* The DMV later confirmed that Ms. Diggs had until September 8, 2017, to register the Hyundai, *id.*, and a judge dismissed both charges in July 2017. *Id.* at 8, 14.

Beginning in late 2017, Ms. Diggs began to experience attacks by use of a laser and electronic shocks perpetrated by dozens of people everywhere she went, including the

---

[1] The Court accepts as true all material allegations in the FAC and construes the FAC and all reasonable inferences drawn from it in the light most favorable to Ms. Diggs. *See Resnick*, 213 F.3d at 447.

police. *See id.* at 4–5, 7. She experiences hundreds of attacks each day, which cause her pain and suffering. *Id.* Ms. Diggs believes that she has been targeted for writing to government and local officials, thereby exposing a current climate of racism and discrimination. *Id.* at 5, 7. Ms. Diggs first began writing to government officials in 2015, after which her Apple Air Book computer was repeatedly hacked. *Id.* at 9. Somebody has been interfering with Ms. Diggs' correspondence, which often never reaches its intended recipients. *See id.* at 5, 12–13.

### C. Analysis

Liberally construing Ms. Diggs' First Amended Complaint, the Court must conclude that (1) Ms. Diggs has failed to state a plausible claim for relief under Section 1983 against Chief Gallucci pursuant to Section 1915(e)(2)(B)(ii), (2) Ms. Diggs' Section 1983 claims are time-barred and therefore frivolous under Section 1915(e)(2)(B)(i), and (3) Ms. Diggs' timely claims are implausible and therefore frivolous under Section 1915(e)(2)(B)(i). The Court also concludes that further amendment would be futile.

#### 1. Failure to State a Claim

Ms. Diggs purports to assert her claims against Chief Gallucci under 42 U.S.C. § 1983.[2] *See* FAC at 3. Ms. Diggs fails to state a plausible claim for relief.

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation

---

[2] Ms. Diggs also purports to assert her claims under *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As made clear by the form Ms. Diggs used, however, *Bivens* claims may be asserted only against federal officials. *See* FAC at 3. Because the Carlsbad Police Department is a city entity and Chief Gallucci is a city official, the Court addresses only Ms. Diggs' claims under Section 1983.

was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). A person "acts under color of state law [for purposes of section 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984) (even *pro se* plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in" to state a claim).

Here, even assuming Ms. Diggs can state a plausible claim for deprivation of a right secured by the Constitution, her First Amended Complaint contains no specific factual allegations directly related to Chief Gallucci, much less any details as to what Chief Gallucci did, or failed to do, to violate Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678 (noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 555, 570). The Court previously granted Ms. Diggs leave to amend to remedy this deficiency, but Ms. Diggs' First Amended Complaint contains fewer allegations concerning Chief Gallucci than Ms. Diggs' original Complaint. Consequently, although this deficiency could in theory be cured, it appears unlikely that Ms. Diggs will clear this pleading hurdle.

### 2. *Statute of Limitations*

The Court next determines that Ms. Diggs' Section 1983 claims, as they relate to Chief Gallucci and (although not separately named) the Carlsbad Police Department, cannot be cured because they are time-barred as evident from the face of Ms. Diggs' First Amended Complaint. "In determining the proper statute of limitations for actions brought

6

18-CV-2683 JLS (KSC)

under 42 U.S.C. § 1983, [federal courts] look to the statute of limitations for personal injury actions in the forum state." *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (citing *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002)). Although the nature of Ms. Diggs' claims against Chief Gallucci or the Carlsbad Police Department arising under Section 1983 are far from clear, the statute of limitations would be, at most, two years. *See* Cal. Civ. Proc. Code § 335.1.

Here, the underlying false arrest for driving under the influence occurred in February 2016. *See* FAC at 9. Accordingly, the statute of limitations for any claims against the Carlsbad Police Department or its officers pertaining to the February 2016 false arrest ran by February 2018. Ms. Diggs' claims, not filed until November 2018, *see generally* ECF No. 1, are therefore time-barred.

### 3. *Implausibility*

To the extent Ms. Diggs' claims are predicated upon continued harassment, stalking, and electrical or laser torture by officers of the Carlsbad Police Department, the Court concludes that such allegations, while perhaps not time-barred, are "fantastic or delusional" and therefore properly subject to dismissal as factually frivolous under Section 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (indicating that claims may be factually frivolous when their "factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios"); *see also Carroll v. Price*, No. 1:17-CV-01312-BAM, 2018 WL 2047091, at *2 (E.D. Cal. May 2, 2018) (recommending dismissal where "Plaintiff's allegations of an implanted computer chip and battery pack and a control center announcer torturing him, controlling him and using him to control the weather and minds around the world appear to be grounded in delusion, are factually irrational and wholly incredible"); *Thomas v. Bush*, No. 11CV2712 WQH-NLS, 2011 WL 6152352, at *2 (S.D. Cal. Dec. 12, 2011) (dismissing as delusional claims alleging "[t]he defendants are using the [] traffic lights as cameras to follow the plaintiff around and annoy her").

///

7

18-CV-2683 JLS (KSC)

### *4. Leave to Amend*

Although courts generally take a liberal approach to amendment, particularly in cases prosecuted by *pro se* litigants, leave to amend is properly denied where—as here—amendment would be futile. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."); *Davis v. Powell*, 901 F. Supp. 2d 1196, 1222 (S.D. Cal. 2012) ("Because [Plaintiff] could not plead any additional facts to cure the deficiencies in his pleadings and has already been given leave to amend, he should not be given further leave to amend his claims."). Here, Ms. Diggs has already been granted leave to amend her claim and she will be unable to cure the deficiencies because her claims against Chief Shiomoto (and the Carlsbad Police Department and other of its employees) arising from her February 2016 arrest are barred by statute of limitations. To the extent Ms. Diggs' claims are not time-barred, they are implausible and frivolous. Accordingly, the Court **DISMISSES WITH PREJUDICE** Ms. Diggs' First Amended Complaint pursuant to pursuant to 28 U.S.C. § 1915(e)(2).

## III. CONCLUSION

In light of the foregoing, the Court:

1. **DISMISSES WITH PREJUDICE** Ms. Diggs' Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii);

2. **DENIES AS MOOT** Ms. Diggs' Motion for Summary Judgment (ECF No. 11);

3. **CERTIFIES** that an *in forma pauperis* appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

/ / /

/ / /

/ / /

/ / /

4. **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: April 24, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

18-CV-2683 JLS (KSC)